MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **JEFFERY ECKERT,** | ) | |
| | ) | |
| **Appellant,** | ) | |
| | ) | **No. 07 C 6012** |
| **v.** | ) | |
| | ) | **Judge John W. Darrah** |
| **DAVID B. GROCHOCINSKI, Chapter 7 Trustee; GREGORY STEINER; and AGRISTAR FROZEN FOODS, INC.** | ) | |
| | ) | |
| **Appellees.** | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant-Appellant Jeffery Eckert ("Appellant") appeals the September 24, 2007 judgment of the bankruptcy court revoking his discharge pursuant to 11 U.S.C. § 727(d)(3).

## BACKGROUND

Appellant filed a Chapter 7 bankruptcy petition on October 14, 2005. David Grochocinski (the "Trustee"), one of the appellees in this action, was appointed as trustee. On February 27, 2006, during the course of discovery, Appellant was served with a subpoena, requiring him to attend an oral deposition and to produce certain documents. Appellant repeatedly failed to appear for his deposition and produce the requested documents in full. On May 5, 2006, the bankruptcy court issued an order (the "May 5 Order"), compelling Appellant to produce all responsive documents in his control and to appear for his deposition no later than May 19, 2006. Appellant was deposed on May 30, 2006. However, during that deposition,

Appellant, without invoking his privilege against self-incrimination or any other recognized privilege, failed to answer questions regarding Appellant's transfer of certain assets of the estate into an unapproved, post-petition real estate purchase. Appellant also failed to produce all documents requested in the subpoena.

As a result of Appellant's failure to comply with the May 5 Order, the bankruptcy court sanctioned Appellant. On August 31, 2006, the bankruptcy court ordered Appellant to produce all relevant documents, appear for a deposition to answer the questions he had refused to answer and pay a $3,000 sanctions fee for his misconduct (the "August 31 Order"). As detailed below, Appellant has not fully complied with the August 31 Order.

In November 2006, Appellant agreed with the Trustee to waive his discharge. However, Appellant repeatedly delayed signing the necessary affidavit and ultimately never waived discharge. On December 11, 2006, the clerk entered a Chapter 7 discharge for Appellant under 11 U.S.C. § 727(a) because no objection had been filed. On December 16, 2006, Appellees commenced the adversary proceeding, which is now the subject of this appeal, seeking to revoke Appellant's discharge.

In January 2007, Appellant's wife filed for bankruptcy under Chapter 13. Appellant paid over $1,000 in attorney's fees in connection with that case, while the $3,000 sanctions judgment remained outstanding. Additionally, documents disclosed in Appellant's wife's bankruptcy revealed that Appellant had entered into a lease on October 16, 2006 – after his bankruptcy case had been filed but before his discharge. Appellant had not informed the Trustee of the lease.

On March 8, 2007, Appellant sat for a second deposition. During that deposition Appellant answered the questions that he had previously refused to answer. Appellant also produced nearly all of the documents sought by Appellees.

On July 27, 2007, the bankruptcy court entered its Final Pretrial Order. That order required the parties to submit exhibits, witness lists and summary of testimony fourteen days before the trial date, September 7, 2007. Proposed findings of fact and conclusions of law, memorandum of authority and any objections to witnesses or exhibits were due seven days prior to the trial date. The Final Pretrial Order warned that the court could bar the testimony of witnesses that did not appear on the witness list. Appellees complied with the Final Pretrial Order, but Appellant did not. Appellant submitted nothing to the bankruptcy court. As a result, the bankruptcy court barred Appellant from testifying or adducing any testimony in support of his defense. The bankruptcy court adopted most of the Appellees' proposed findings of fact and conclusions of law. According to Appellant, the bankruptcy court's ruling barring Appellant's testimony prevented him from informing the court that he had submitted to the second deposition and that he had produced the majority of the documents requested.

The bankruptcy court declined to revoke Appellant's discharge as fraudulently obtained, under § 727(d)(1). The court found that Appellees had failed to show that Appellant acted with an intent to deceive, as required under § 727(d)(1). However, the court did revoke Appellant's discharge under § 727(d)(3) because Appellant refused to comply with a court order. Appellant now appeals that decision.

## LEGAL STANDARD

A bankruptcy court's conclusions of law are reviewed *de novo*. *See Meyer v. Rigolon*, 30 F.3d 1375, 1378 (7th Cir. 1994). The Court reviews the bankruptcy court's factual findings for clear error. *See Hoseman v. Weinschneider*, 322 F.3d 468, 473 (7th Cir. 2003) (*Hoseman*). A finding of fact is clearly erroneous if, after reviewing the evidence, "the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985).

## ANALYSIS

Appellant first argues that discharge can be revoked pursuant to § 727(d)(3) only for violations of court orders that occur subsequent to the discharge. Appellant argues that all his violations of the court orders occurred prior to his discharge. Appellant cites *In re Lyons*, 23 B.R. 123 (Bankr. E.D.Va. 1982) (*Lyons*), and *In re Araujo*, 292 B.R. 19 (Bankr. D.Conn. 2003) (*Araujo*) in support of his position that the violation of the court order must post-date the discharge. Appellees cite *In re Barnes*, 348 B.R. 613 (Bankr. D.Col. 2006) (*Barnes*), in support of their position that the violations that occur prior to discharge can support a revocation under § 727(d)(3).

Nothing in the language of § 727(d)(3) requires that the violation of the court order need have occurred after the discharge. Finding that such a limitation was included in the statute, the *Araujo* court reasoned:

> "[t]he purpose of section 727(d)(3) is to make it possible for the debtor to obtain a discharge early in the case but, to protect the estate and creditors, makes it revocable if the debtor later refuses to obey an order . . . . The "refusal" under section 727(d)(3) should be considered a refusal that occurs after the granting of the discharge."

*Araujo*, 292 B.R. at 22 (citing 6 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 727.16[5] at 727-75 (15th ed. rev.2000) (*Collier*)). The court in *Barnes*, however, makes a persuasive case for rejecting this interpretation. The *Barnes* court noted that *Lyons*, on which *Araujo* relies (via *Collier*) was decided before a line of Supreme Court cases clarified that, except in rare cases, the plain language of a statute must be enforced. *Barnes*, 348 B.R. at 615. Furthermore, the *Barnes* court noted that § 727(d)(1) allows revocation based on fraud only if the party seeking the revocation did not discover the fraud until after the discharge. The court reasoned that Congress could have written a similar limitation into § 727(d)(3) if it had so desired. *Barnes*, 348 B.R. at 615. Additionally, the *Barnes* court reasoned that if § 727(d)(3) applied to only post-discharge conduct, creditors would be forced to object to discharges "even for seemingly-immaterial violations merely to preserve their rights" in case the violation was later found to be material. *Barnes*, 348 B.R. at 615. This Court finds the *Barnes* reasoning more compelling and, therefore, agrees with the bankruptcy court that violations of court orders that predate the discharge can serve as the basis for revoking a discharge under § 727(d)(3).

Appellant next argues that the bankruptcy court erred in finding that Appellant wilfully disobeyed a court order. The bankruptcy court found that Appellant "has a disparaging pattern of refusing to comply with lawful orders of the Court." The court found that Appellant refused to pay the $3,000 sanction, refused to produce all documents requested by subpoena, and refused to respond to material questions regarding the estate. Factual findings of the bankruptcy court are reviewed for clear error. *Hoseman*, 322 F.3d at 473. Here, there is no basis for overturning the bankruptcy court's findings.

Finally, Appellant argues that the bankruptcy court erred by not allowing him to present any evidence or testify on his own behalf at trial. Appellant argues that had he been allowed to testify, he would have presented evidence that he had done his best to comply with the court orders. Specifically, Appellant argues that he sat for a second deposition as soon as it was scheduled and that he turned over all documents in his possession. As noted above, the bankruptcy court's ruling barring Appellant's testimony was due to Appellant's complete failure to comply with the Final Pretrial Order. "Federal trial courts have broad (though not limitless) discretion in choosing a suitable sanction for a party's violation of a pretrial order." *In re Khan*, 321 B.R. 709, 711 (Bankr. N.D.Ill. 2005). One permissible sanction is barring the offending party from introducing certain evidence. *See In re Maurice*, 21 F.3d 767, 773 (7th Cir. 1994). Thus, the bankruptcy court did not abuse its discretion in barring Appellant's testimony.

As a final matter, Appellant does not dispute that he still has not complied with the court order to pay a sanction of $3,000. The bankruptcy court found that this violation of the court's order was sufficient, independent of Appellant's other violations, to justify revocation under § 727(d)(3). Thus, even if § 727(d)(3) applied only to post-discharge violations and even if Appellant should have been permitted to present evidence at the trial, his failure to pay the sanction would still justify revocation under § 727(d)(3) because it continued past the discharge date and because Appellant, admittedly, could not have offered any evidence at trial that he had paid it.

## CONCLUSION

Based on the foregoing, the judgment of the bankruptcy court is affirmed.

Dated: April 2, 2008

JOHN W. DARRAH
United States District Court Judge